**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6752**

BRONSON SHELLEY,

        Plaintiff - Appellant,

    v.

BRYAN P. STIRLING; J. MICHAEL BROWN; DENNIS PATTERSON, In their
individual capacities,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence.
Joseph Dawson, III, District Judge.  (4:18-cv-02229-JD)

Submitted:  September 14, 2021               Decided:  September 20, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

Dismissed by unpublished per curiam opinion.

Bronson Shelley, Appellant Pro Se.  William Hewitt Cox, III, HOWELL, GIBSON &
HUGHES, PA, Beaufort, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bronson Shelley seeks to appeal the district court's order accepting the recommendation of the magistrate judge in part and denying relief on Shelley's 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 31, 2021. Shelley filed the notice of appeal on May 3, 2021.[*] Because Shelley failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Shelley could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).